**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 16-45-DLB-HAI**
**CIVIL ACTION NO. 20-173-DLB-HAI**

**UNITED STATES OF AMERICA**                               **PLAINTIFF**

v.          **ORDER ADOPTING RECOMMENDED DISPOSITION**

**MATTHEW SHAFFER**                                       **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Hanly Ingram's Recommended Disposition (Doc. # 251), wherein he recommends that Defendant Matthew Shaffer's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. # 200) be denied. Defendant, proceeding with counsel, filed Objections (Doc. # 252), to which the United States filed a Response (Doc. # 255). *See* 28 U.S.C. § 636(b)(1)(C); LR 72.2. For the reasons set forth below, the Defendant's objections are **overruled** and the Recommended Disposition is **adopted** as the findings of fact and conclusions of law of the Court.[1]

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

On September 7, 2016, Defendant Shaffer was charged with several crimes related to drug distribution. (Doc. # 1). On March 9, 2017, a second superseding indictment was returned charging Shaffer with seven counts relating to drug distribution.

---

[1] On July 6, 2022, the Court received a letter from the Sixth Circuit advising it that Shaffer had filed a Writ of Mandamus. (Doc. # 257).

1

(Doc. # 51). On August 7, 2017, Shaffer proceeded to jury trial, with Attorney Steve Howe representing him. (Doc. # 130). At the conclusion of the trial, Shaffer was convicted on all seven counts, with the exception of one count related to possession with intent to distribute methamphetamine where the jury convicted him of the lesser included offense: (i) conspiracy to distribute methamphetamine, (ii) possession of methamphetamine with intent to distribute 50 grams or more, and (iii) possession of a firearm in furtherance of a drug trafficking crime, (iv) possession of a firearm by a convicted felon, (v) conspiracy to distribute methamphetamine and possess methamphetamine with intent to distribute, (vi) distribution of methamphetamine, and (vii) possession of methamphetamine. (Doc. # 150). On December 14, 2017, Defendant was sentenced to a total term of imprisonment of 420 months, followed by ten years of supervised release. (Doc. # 167).

Defendant appealed his sentence to the Sixth Circuit Court of Appeals (Doc. # 168), which affirmed the conviction and sentence on July 8, 2019. *United States v. Shaffer*, 781 F. App'x 404 (6th Cir. 2019); (Doc. # 193). Thereafter, Shaffer filed a petition for a writ of certiorari with the United States Supreme Court (Doc. # 195), which the Supreme Court denied. *United States v. Shaffer*, 140 S. Ct. 606 (2019); (Doc. # 196).

On December 7, 2020, Defendant filed a Motion to Vacate his sentence under 28 U.S.C. § 2255. (Doc. # 200). In his Motion to Vacate, Shaffer argued that his conviction should be vacated due to ineffective assistance of counsel, specifically arguing that his trial counsel failed to: (1) inform Shaffer of the § 851 notice, (2) inform Shaffer of a plea offer prior to trial, (3) object to a three point criminal history increase for an escape charge that was over ten years old, and (4) that his trial counsel's actions resulted in "cumulative error." (Doc. # 200 at 4-12). The United States filed a Response opposing Shaffer's §

2

2255 Motion (Doc. # 216), to which Shaffer replied (Doc. # 223).  Thereafter, Shaffer filed a written request for counsel, and Judge Ingram appointed Travis Rossman as counsel. (Docs. # 228 and 229).  Judge Ingram then allowed for the filing of pre-hearing briefs (Doc. # 232), which were filed by Shaffer (Doc. # 234) and the United States (Doc. # 239). On December 20, 2021, Judge Ingram held an evidentiary hearing, where both Shaffer, and his trial attorney, Steve Howe, testified, as well as Shaffer's birth mother, Kimberly Harrill.  (Doc. # 250).  Judge Ingram took the Motion under advisement (Doc. # 246), before issuing a Recommended Disposition recommending the denial of Shaffer's Motion. (Doc. # 251).

### III.    RECOMMENDED DISPOSITION

Judge Ingram's Recommended Disposition recommends denying Defendant's Motion to Vacate, Set Aside, or Correct his Sentence under § 2255 as meritless.  (Doc. # 251).  Judge Ingram first gave a general overview of the law, beginning with the familiar two-prong *Strickland* test applicable to Defendant's ineffective assistance of counsel claims, which requires a defendant to show (1) that his counsel was deficient and (2) counsel's deficiency actually prejudiced the defendant.  (*Id.* at 3) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  Judge Ingram explained that "[t]he Sixth Amendment right to counsel extends to the plea-bargaining process," and that the *Strickland* test applies in scenarios related to a plea.  (*Id.* at 4).  In such a situation, the defendant "bears the burden of showing the outcome of the plea process would have been different with competent advice."  (*Id.*) (citing *Lafler v. Cooper*, 566 U.S. 156, 163 (2012)).  However, Judge Ingram warned that courts "should not overturn a disposition 'solely because of post hoc assertions from a defendant about how he would have

3

pleaded but for his attorney's deficiencies.'" (*Id.* at 5) (quoting *Lee v. United States*, 136 S. Ct. 1958, 1967 (2017)).

Shaffer first argued that his counsel was ineffective by failing to inform him of the United States' filing of an § 851 notice. (*Id.* at 5-7). Judge Ingram explained that an § 851 notice is a notice that the United States must file to subject a defendant to a sentencing enhancement for "a prior conviction for a serious drug felony or serious violent felony." (*Id.* at 5) (quoting 21 U.S.C. § 851(b)(1)). Shaffer contends that his counsel did not inform him of the § 851 notice until after trial. (*Id.* at 6). Howe instead argues that he informed Shaffer of the notice at their very first meeting. (*Id.* at 7). Additionally, Judge Ingram points out that Judge Smith discussed Shaffer's § 851 notice in open court twice. (*Id.* at 8). Ultimately, Judge Ingram found that Howe's testimony was more credible than Shaffer's, especially taking into consideration that Judge Smith also discussed the § 851 notice. (*Id.* at 11). But, even if Howe failed to notify Shaffer of the § 851 enhanced penalties, Judge Ingram determined that there could be no prejudice under *Strickland* because Shaffer was informed of the enhancement by Judge Smith. (*Id.*). Further, Judge Ingram explains that even if both Judge Smith and Howe failed to inform Shaffer of the § 851 notice, it did not result in prejudice because "[t]he prior-drug-felony enhancement was unavoidable" because the United States complied with its duty to provide notice. (*Id.* at 12).

Next, Judge Ingram addressed Shaffer's argument that his counsel failed to approach him with a potential plea offer from the United States. (*Id.*). Judge Ingram first explained that generally counsel has an affirmative duty to communicate a plea offer to his client. (*Id.*) (quoting *Missouri v. Frye*, 566 U.S. 134, 145 (2012)). Shaffer asserts that

4

if Howe had informed him of the plea offer from the United States he would have pled, thereby avoiding trial, and would have received a lighter sentence. (*Id.* at 13). When Shaffer obtained Howe's file on his case, he discovered an email from Assistant United States Attorney Anthony Bracke, which offered a mandatory minimum of twenty-five years, and that the government was willing to give Shaffer a two point reduction for acceptance of responsibility "and recommend a sentence of the greater of either the statutory minimum sentence or the low end of the advisory guideline range." (*Id.*) (quoting Doc. # 200-2 at 6). In practice, Shaffer argues that this would have resulted in a sentence between 300 and 322 months, instead of Shaffer's imposed sentence of 420 months. (*Id.*) (citing Doc. # 234 at 14). Shaffer contends that had he known about this offer, he would have accepted it. (Doc. # 251 at 14). However, according to Howe, he conveyed the terms of the offer to Shaffer, who adamantly stated that he would not plead guilty to a charge resulting in a twenty-five-year sentence. (*Id.* at 15). Judge Ingram noted that this dispute was factual, and ultimately, Judge Ingram found Howe to be a more credible witness. (*Id.* at 20). Therefore, Judge Ingram recommended a finding that Howe did communicate the plea offer and therefore did not render deficient performance. (*Id.*).

Judge Ingram then turned to Shaffer's argument that the inclusion of his previous escape charge resulted in a miscalculation of his sentencing guidelines, and therefore Shaffer's counsel was ineffective for failing to object to the resulting three-point increase in Shaffer's criminal history score. (*Id.*). Because over ten years had elapsed since Shaffer's imprisonment on the escape conviction, Shaffer argues it should not have been counted for purposes of calculating his criminal history category. (*Id.* at 21). The United States does not dispute that the calculation was incorrect. (*Id.*). If correctly calculated,

5

Shaffer's criminal history category would have been IV instead of V. (*Id.* at 22). Judge Ingram explained that even assuming that Howe's failure to object to this calculation was considered deficient performance, Shaffer could still not show prejudice as required under *Strickland*. (*Id.*). Specifically, Judge Ingram pointed out that given Shaffer's offense level of 42, the guidelines of 360 months to life would apply whether his criminal history category was IV or V. (*Id.*). Therefore, even if Howe objected to the calculation of criminal history points, "it would have had no effect on Shaffer's Guidelines Range." (*Id.*).

Lastly, Judge Ingram rejected Shaffer's argument that he suffered "cumulative error" from his counsel's alleged ineffective assistance. (*Id.*). Judge Ingram first noted that it is unclear whether § 2255 petitioners may avail themselves of this theory. (*Id.*) (citing *Dimora v. United States*, 973 F.3d 496, 507 (6th Cir. 2020)). If Shaffer could use the theory of cumulative error, Judge Ingram determined that there was only a "single harmless error here and nothing else to cumulate." (*Id.* at 23).

Ultimately, Judge Ingram recommended denying Shaffer's § 2255 Motion for all the reasons discussed above. (*Id.*). Finally, Judge Ingram also recommended denying issuance of a certificate of appealability to Shaffer as no reasonable jurist would find the court's assessment of the merits of Shaffer's claims debatable. (*Id.* at 23-24).

IV.   **ANALYSIS**

    A.   **Standard of Review**

The Court reviews *de novo* the portions of the Recommended Disposition to which specific objections have been filed. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Where there are no objections, or the objections are vague or conclusory, the Court is not required to review the Defendant's claims. *Thomas v. Arn*, 474 U.S. 140, 150 (1985);

*United States v. Jenkins*, No. 6:12-cr-13-GFVT, 2017 WL 3431834, at *1 (E.D. Ky. Aug. 8, 2017). Allegations in *pro se* habeas complaints are held to a less stringent standard and are construed liberally, however "inartfully pleaded." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

An objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). Thus, "objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived." *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011). Where an objection is simply a repetition of what the Magistrate Judge has already considered, it fails "to put the Court on notice of any potential errors in the Magistrate's R&R." *Shephard*, 2016 WL 9115464, at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938). The Court adopts the findings of fact and conclusions of law in the Recommended Disposition to which Defendant has not objected. *Arn*, 474 U.S. at 150.

### B. Shaffer's General Objections

In evaluating Shaffer's Objections, the Court notes that some of his Objections restate the same arguments made in his Motion to Vacate and accompanying filings that were already addressed by Judge Ingram. Specifically, Shaffer re-alleges his various ineffective assistance of counsel claims that Judge Ingram denied due to a lack of resulting prejudice. (Doc. # 252 at 15-18) (again arguing that counsel was ineffective by

7

failing to object to the calculation of Shaffer's criminal history category); (*id.* at 18-21) (again arguing that counsel was ineffective for failing to inform Shaffer of the § 851 notice).

Shaffer's arguments relate to previous arguments and simply disagree with Judge Ingram's recommendation. As stated above, an objection that "state[s] a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Shephard*, 2016 WL 9115464, at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938).

Even if this Court were to look to the merits of these claims, this Court too finds that there was no resulting prejudice to Shaffer, thereby dooming his claims under the *Strickland* test. As detailed by Judge Ingram, *Strickland* requires a defendant to show (1) that his counsel was deficient and (2) counsel's deficiency actually prejudiced the defendant. (Doc. # 251 at 3) (citing *Strickland*, 466 U.S. at 687).

First, just like Judge Ingram (*see id.* at 20-22), this Court finds that Howe's failure to object to the miscalculation of Shaffer's criminal history category could not have resulted in prejudice. The escape charge that was included in the calculation of Shaffer's criminal history category added three criminal history points to his score. The deletion of these three points would have resulted in Shaffer's Criminal History Category being IV, instead of V. However, because Shaffer's offense level was a 42, at every Criminal History Category, whether it be I or V, the guideline is the same—360 months to life. U.S.S.G. Ch. 5, part A. As noted by Judge Ingram, "Sentencing Guidelines range errors that do not affect a defendant's sentence are harmless" and therefore there was no resulting prejudice to Shaffer. (Doc. # 251 at 22) (quoting *United States v. Carson*, 560 F.3d 566, 590 (6th Cir. 2009)).

Likewise, Shaffer's claim that Howe never told him about the § 851 notice filed by the United States, even if accepted as true, could not have resulted in prejudice.  As detailed by Judge Ingram, Shaffer was informed multiple times by Judge Smith that the United States has filed the § 851 notice.  (Doc. # 251 at 5-12).  Shaffer argues that he "could not have understood what the government would have to prove to convict him with the enhanced statutory penalties, the evidence as it bears to those enhanced statutory penalties, or the sentencing exposure under different scenarios if trial counsel had failed to inform him of the existence of the 851 notice."  (Doc. # 252 at 20).  However, Judge Smith explained each of these to Shaffer in detail, in two different hearings.  (Doc. # 226 at 8).  Judge Smith explicitly told Shaffer that "the government has filed what we call an 851 notice" and "on Count 1, if [Shaffer] were to be convicted of that charge, the potential maximum penalty would be not less than 20 years in prison" (Doc. # 243 at 3-4), and again explained this after the second superseding indictment (Doc. # 244 at 4).  Shaffer cannot show prejudice due to counsel's failure when he was directly told by Judge Smith the enhanced penalties in two different arraignments.[2]  Therefore, Shaffer's general objections discussed above are **overruled**.

### C. Shaffer's Specific Objections

Shaffer has made a few Objections to Judge Ingram's Recommended Disposition that meet the specificity requirements explained above.  Generally, Shaffer finds issue with Judge Ingram's finding that Shaffer was not a credible witness, which led to Judge Ingram discounting Shaffer's various ineffective assistance of counsel claims.  Specifically, Shaffer argues that his testimony was corroborated by his birth mother (Doc.

---

[2]     Although the Court discusses the lack of prejudice related to the § 851 notice as a general objection, it is further discussed below as it relates to Shaffer's credibility.

9

# 252 at 6-8), that counsel was deficient for failing to convey a plea offer to him, which resulted in prejudice (*id.* at 9-15), counsel was deficient for failing to inform him that the United States had filed a § 851 notice (*id.* at 18-21), and that counsel's deficiencies resulted in cumulative error (*id.* at 21-23).

Ultimately, each of Shaffer's arguments relate to Judge Ingram's determination that Howe was a more credible witness than Shaffer. In Judge Ingram's recommendation, he found that Howe made Shaffer aware of "his actual sentencing exposure" as it related to the § 851 notice, that Shaffer was "not a credible witness," that Howe informed Shaffer of the United States pre-trial plea offer, and therefore there could be no cumulative error. (Doc. # 251 at 11, 20, 22-23). The record here clearly indicates that Judge Ingram was correct in determining Howe was more credible than Shaffer.

For example, in relation to the § 851 notice and Shaffer's sentencing exposure, Howe testified that he told Shaffer about the notice "on several occasions" and that Shaffer "was aware that he was facing the enhanced sentence. He made decisions based upon that. It was discussed basically from one of the first times I met him all the way through, up until the time of sentencing." (Doc. # 250 at 28). Howe later testified that he discussed with Shaffer the "qualifying offense . . . that resulted in his minimum mandatory sentence being increased from 10 to 20." (*Id.* at 36). To the contrary, Shaffer testified that Howe "never told [him] the statutory range" and did not find out about the § 851 notice until after trial. (*Id.* at 125). However, Shaffer also admitted that he read the indictment, which listed the potential for a twenty-year mandatory minimum. (*Id.* at 170). Shaffer's birth-mother, Kimberly Harrill, also testified. Ms. Harrill testified that Shaffer told her he was facing at least twenty-five years and at most life. (*Id.* at 16-17).

Further, Howe testified that he approached Shaffer with the United States' plea deal and Shaffer "ha[d] no interest in pleading to 25 years or more, none. He said he wouldn't do it." (*Id.* at 52). Even so, Howe "reached out to [the prosecutor], [and] asked him for a plea agreement. He indicated unless [Shaffer] had a willingness to plead to the higher of whatever the guidelines were, or the 25 years, he wasn't going to prepare a plea agreement. That was related to [Shaffer], and [Shaffer] was going to trial." (*Id.* at 52-53). Shaffer alternatively testified that Howe said the prosecutor called Shaffer "a lying piece of shit" and "there ain't going to be no offer." (*Id.* at 133). Shaffer also testified that he "never wanted to go to trial" and "wanted to take a plea the entire time." (*Id.* at 136).

As noted by Judge Ingram, Shaffer also "revealed [that] he is generally willing to say whatever he needs to get out of prison earlier." (Doc. # 251 at 18). This sentiment is highlighted in the following exchange between Shaffer and the prosecutor:

> Q. So if it would have benefited you, you would have been willing to lie to the Court under Oath?
>
> A. I would have laid on the sword.
>
> Q. And that's still true, correct, if it would benefit you, you're willing to lie to the Court under oath?
>
> A. No, I'm not willing to lie to the Court under oath.
>
> Q. Okay. But you would have been willing to do it if you thought it would help you get a plea bargain?
>
> A. If it would have been a difference between a life sentence that you were supposedly trying to give me versus, Hey, listen, just tell them – just get up there and say you're guilty, I would have gotten up there and said that I was guilty, yes, I would.

(Doc. # 250 at 156-157).

Ultimately, this Court agrees with Judge Ingram that Howe is a more credible witness than Shaffer, evidenced by Shaffer's willingness to lie under oath to achieve a

11

shorter sentence. Additionally, Mr. Howe is a very experienced criminal defense attorney with a stellar reputation. This Court sees no reason to question, or reevaluate further, the credibility determinations of Judge Ingram. Judge Ingram listened to the testimony of all three witnesses at the evidentiary hearing, and made a credibility determination with all the relevant information available to him. Unlike Shaffer, there is no indication that Howe has misrepresented anything to the Court, and therefore, he is the far more believable witness.

For these reasons, the Court overrules Shaffer's objections as they relate to the credibility determination made by Judge Ingram. As the only other objection that remains is for cumulative error, and the Court has found that counsel did not err, this objection is also overruled.

## V.   CERTIFICATE OF APPEALABILITY

A certificate of appealability contemplated under 28 U.S.C. § 2253(c)(2), should only issue "if the applicant has made a substantial showing of the denial of a constitutional right." This standard is met if the applicant can show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). Considering the arguments put forth by the parties, reasonable jurists could not debate whether Shaffer's § 2255 Motion should be dismissed. Therefore, no Certificate of Appealability shall issue.

## VI. CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)   Defendant's Objections (Doc. # 252) to the Magistrate Judge's Recommended Disposition are hereby **OVERRULED**;

(2)   The Magistrate Judge's Recommended Disposition (Doc. # 251) is **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3)   Defendant's Motion to Vacate his Conviction and Sentence under 28 U.S.C. § 2255 (Doc. # 200) is hereby **DENIED**;

(4)   The Court determines there would be no arguable merit for appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**;

(5)   This matter is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

(6)   A Judgment shall be entered contemporaneously herewith.

This 3rd day of August, 2022.



Signed By:
*David L. Bunning*   *DB*
**United States District Judge**

M:\DATA\ORDERS\Covington Criminal\2016\16-45 Order Adopting RR.docx